## JOHN D. WATKINS and JOHN R. KILBURN *vs.* ELIAS KIRKPATRICK.

1. Where a promissory note is first endorsed by a third party, not the payee, it is lawful to prove by parol that the true character of the endorser's contract differed from what the law would have implied in the absence of extrinsic evidence.

2. Where a promissory note is endorsed in blank by a third person, as security for the maker to the payee, the payee may, after maturity and protest for non-payment, write upon the note, prior to the endorsement of the surety, an endorsement "without recourse," and thereby enable the holder to maintain an action against the surety as endorser.

---

This was an action of *assumpsit*, brought in this court by John D. Watkins and John R. Kilburn, as the holders of a promissory note, drawn by Joseph Perrine, payable to the order of J. S. Mott & Co., and endorsed by the payees and the defendant.

The action was brought against the defendant, Kirkpatrick, as endorser.

The cause was tried at the Essex Circuit, at January

Term, 1856, before a jury, and a verdict rendered for the plaintiffs.

On the return of the *postea* to this court, the defendant moved to set aside the verdict and for a new trial.

The facts in the case sufficiently appear in the opinion delivered.

Argued at June Term, 1856, before the CHIEF JUSTICE, and Justices OGDEN, HAINES, and RYERSON.

*Bradley*, for the defendant, applied for a new trial.

1. Because the judge refused to charge the jury that the plaintiffs could not recover, they having received the note on which the action was brought after its maturity from the payees and first endorsers thereof, and the defendant being second endorser on said note, which was a negotiable note.

2. Because the judge held that the payee and first endorser of a negotiable promissory note may pass the note away after maturity, so as to charge a third party whose name is endorsed on the note as second endorser, and that evidence may be given by parol in an action by the holder to show that the said third party agreed upon endorsing the note to be security to the payee for the payment.

3. Because the payees, after the note came to maturity, affixed the words "without recourse" to their endorsement, and then passed the note to the plaintiffs for a precedent debt; and to enable the plaintiffs to recover, the court allowed the plaintiffs to prove by parol that the defendant, when he endorsed the note, endorsed as security to the payees.

4. That if J. S. Mott & Co. had an action against the defendant, in consequence of any agreement made by him when he endorsed the note, such action could not be assigned to the plaintiffs.

To support these positions he cited *Herrick* v. *Carman*, 10 *Johns. R.* 224; *Ellis* v. *Brown*, 6 *Barb. S. C.* 282; *Sea-*

bury v. *Hungerford*, 2 *Hill* 80 ; *Hall* v. *Newcomb*, 7 *Hill* 416 ; *Spies* v. *Gillmore*, 1 *Comst.* 321 ; *Story on Prom. Notes*, §§ 466, 473, 480.

*Weart*, contra.

It has been held that the party endorsing a negotiable note in blank at the time it is made is ordinarily to be held as endorser, and if payable to A or order, as a second endorser. *Story on Prom. Notes*, § 476 ; *Seabury* v. *Hungerford*, 2 *Hill* 80 ; *Hall* v. *Newcomb*, 3 *Hill* 233, and 7 *Hill* 416 ; *Spies* v. *Gillmore*, 1 *Comst.* 321 ; *Ellis* v. *Brown*, 6 *Barb. S. C.* 282.

2. Upon a note not negotiable the rule is different; there the person putting his name on the back of the note must be treated as the original maker. *Story on Prom. Notes*, § 473, note 1 ; *Moies* v. *Bird*, 11 *Mass.* 436.

3. If the defendant is liable as endorser, he may be treated as first endorser, and is liable as such to the holders, because he was first to endorse the note, and he knew his endorsement was nugatory unless preceded by the endorsement of the payees. *Herrick* v. *Carman*, 12 *Johns. R.* 160.

4. The defendant having endorsed the note before the payees, the latter had the right to fill up the endorsements in any way to carry out the agreement between the parties and according to the commercial contract. *Johnson* v. *Martinus*, 4 *Halst.* 144 ; *Dean* v. *Hall*, 17 *Wend.* 221 ; *Herrick* v. *Carman*, 12 *Johns. R.* 160 ; *Hall* v. *Newcomb*, 3 *Hill* 235 ; *Ellis* v. *Brown*, 6 *Barb. S. C.* 282 ; *Beckwith* v. *Angell*, 6 *Conn.* 322 ; *Story on Prom. Notes*, § 476.

5. A promissory note passes by endorsement and delivery, and may be transferred as well after maturity as before.

6. Parol evidence may be admitted to prove that at the time the endorsement was made by the defendant, it was agreed that he should be security to the payees for the

payment of the note. *Johnson* v. *Martinus*, 4 *Halst.* 144; *Barker* v. *Prentiss*, 6 *Mass.* 430; *Hill* v. *Ely*, 5 *Serg. & Rawle* 365; *Beckwith* v. *Angell*, 6 *Conn.* 315; *Dean* v. *Hall*, 17 *Wend.* 221; *Ellis* v. *Brown*, 6 *Barb. S. C.* 282.

7. The defendant endorsed the note upon consideration of forbearance by the payees to Perrine, which was a sufficient consideration. *Story on Prom. Notes*, § 186.

A precedent debt is also a sufficient consideration for an endorsement. *Allaire* v. *Hartshorne*, 1 *Zab.* 665; *Swift* v. *Tyson*, 16 *Peters* 15.

The opinion of the court was delivered by

RYERSON, J. This action was brought to recover the amount of a promissory note for $200, dated November 24th, 1854, at two months, made by Joseph Perrine, payable to the order of J. S. Mott & Co., by them endorsed without recourse to the defendant, and by him to the plaintiffs. On the trial, the plaintiffs proved the signatures of the maker and endorsers, due demand of payment and notice to the defendant of non-payment. It was also proved that the note was given in payment of lumber, purchased some time before its date by the maker from the payees; that the defendant was present when it was given, and endorsed it as surety to the payees for its payment, in consideration of the two months' forbearance, and thus endorsed, it was given to the payees before any endorsement by them; that they held it at maturity, and deposited it in bank for collection with their general endorsement written over that of the defendant; that it was returned to them protested, and, afterwards they passed it to the plaintiffs for a debt of $200 they owed them, with the words " without recourse" written under their endorsement, the two endorsements being in the following words and order:

" Pay the contents to Elias Kirkpatrick or order.

" J. S. MOTT & Co.

" Without recourse.

" Pay the contents to John D. Watkins & John R. Kilburn.                                          E. KIRKPATRICK."

and the formal words of transfer being written at the trial.

The judge at the circuit charged the jury that if they found the facts to be as above stated, the plaintiffs were entitled to recover. A verdict was rendered for the amount of the note, and a new trial is asked for on the ground that the charge was contrary to law.

The defence rests upon the proof that the payees, being holders of the note at maturity, passed it to the plaintiffs after its dishonor, with the words " without recourse" written under their endorsement; and it is argued that they, being first endorsers, could not, in any form, maintain an action against the defendant, a second endorser; and that by thus passing it away after dishonor with a restrictive endorsement, which might protect them from answering over to the defendant in case of a recovery against him, they could not indirectly accomplish the same result.

This defence would be clear enough were it not for the parol proof of the circumstances attending the defendant's endorsement; since ordinarily the second endorser, if compelled to pay, has his remedy over against the first endorser as well as the maker, and could not be deprived of it by the act of another. The effect of this proof was to change the relative rights and liabilities of the payees and the defendant which would result from an ordinary endorsement, and to show that the defendant, if compelled to pay the note, could not recover it back from the payees, as such a recovery would violate the real contract made by him at the time of his endorsement.

The questions involved in this case have been very much discussed by the American courts; and although in no case that I have seen has this precise point been the one adjudged, yet the clear and decided weight of Ameri-

can authority is to charge such endorser, in some form, either as maker, guarantor, or endorser. The cases are numerous, and to some extent conflicting, but they differ more as to the form of remedy than as to the question of liability. The subject is fully discussed in *Story on Notes, 3d ed., chap. x, page* 595, *title " Guaranty of Promissory Notes,"* where the leading cases are reviewed.

The case presents two questions—was it lawful to prove by parol that the true character of the defendant's contract differed from what the law would have implied in the absence of the extrinsic evidence? and if so, could the defendant still be held liable in this form of action?

The first question must be answered in the affirmative. I consider it settled by the decisions of this court, in *Johnson* v. *Martinus,* 4 *Halst.* 144; *Crozier and Moore* v. *Chambers, Spencer* 256; and there are numerous American authorities to the same point, which may be found in the chapter cited from Story. Some of these cases will be referred to in another part of this opinion, and they refer to many others.

The effect of this evidence was to establish that the defendant, if compelled to pay the note, could not recover it back from the payees, although in form prior endorsers, no more than could Martinus from his prior endorser, Johnson, in 4 *Halst.* 144; and if so, the payees committed no fraud upon the defendant, nor did they violate any of his legal rights in transferring the note to the plaintiffs with a restrictive endorsement. The defendant having endorsed as surety to the payees for the payment of the note by the maker, and his liability as endorser having been fixed by due demand and notice, he is answerable to any lawful holder.

Are the plaintiffs such holders as against the defendant? It is said not, because of the restrictive endorsement. This objection is answered by the parol evidence. Again it is said they are not, because they claim title through the payees; that they, being prior endorsers, could not have maintained an action against the defendant, a subsequent

endorser, and therefore the plaintiffs cannot. If it be admitted that the payees could in no way have maintained an action, still the plaintiffs make title in the regular formal way by filling up the endorsements in the usual mode, excepting only that the words " without recourse " were added to the endorsement by the payees, and lawfully added, if effect be given to the parol evidence. They had a right to fill up the defendant's endorsement to themselves, thus creating a direct and immediate contract between them, the ordinary contract between an endorser and his immediate endorsee, and upon which the action is founded, sometimes likened to the drawing of a bill of exchange, the defendant being the drawer, the plaintiffs the payees, and the maker of the note the acceptor.

Again it is said they are not lawful holders, because they received it from the payees after maturity; and the case was likened to one where the payee of a lent note passes it away after maturity, or to one where a prior party to a note pays it off after protest, and again puts it in circulation with the intention of charging a subsequent endorser. I can see no analogy between the cases; there would have been, were it not for the parol evidence. Although the payees were in form prior endorsers, yet it was *only* in form, and their endorsement, so far as the defendant is concerned, is to be treated only as a nominal one, for the purpose of making out a formal transfer of and title to the note, and not subjecting them to the ordinary responsibilities of endorsers, precisely as was done in the case cited from 4 *Halst.* 144. Giving effect to the parol evidence, and allowing that to control the rights and liabilities of the parties, I cannot perceive what possible difference it could make to the defendant whether the payees negotiated the note before or after maturity. It had never been paid off by the payees to any person claiming by transfer from them, but they continued the owners until it was negotiated to the plaintiffs; nor had it been paid by the maker or the defendant. He was not an ordinary

second endorser, with the right of recourse over to the payees as well as the maker, but endorsed as surety to the payees for the maker, upon a new consideration of forbearance, and before the payees had endorsed; and having been fixed as endorser by regular demand and notice, he could not relieve himself from his liability until either he or the maker had paid the note. What possible equity had he, then, to set up against the payment of the note, by reason of the plaintiffs receiving it after maturity? I can see none whatever. It is true that the plaintiffs, in thus taking the note, ran the risk of being able to prove that the restrictive endorsement by the payees had been lawfully made, but the verdict of the jury, to whom that question was fairly submitted, settled it in their favor.

Admitting the liability of the defendant, it remains to inquire whether he is liable in this action as endorser, or whether he should have been sued as maker or guarantor.

His liability in this action follows as a necessary result from what has been already said, and such a conclusion is sanctioned by the opinions of eminent judges. *Herrick* v. *Carman*, 12 *J. R.* 159; *Dean* v. *Hall*, 17 *Wend.* 217; *Hall* v. *Newcomb*, 3 *Hill* 233, and the *S. C. in error*, 7 *Hill* 416.

According to the Chancellor's opinion in *Hall* v. *Newcomb*, 7 *Hill* 420, the payees of this note might themselves, under the special circumstances of the case, have recovered directly from the defendant, by endorsing the note to him without recourse, and then suing as his endorsers.

It is well settled in New York that where the note is negotiable, and there is not clear proof that he intended to be bound as maker or guarantor, such an endorser can be made liable only as endorser; and I fully concur in that view, although a different one is taken by some of the American courts. *Spies* v. *Gillmore et al.*, 1 *Comst.* 321; *Hall* v. *Newcomb*, 3 *Hill* 233; 7 *Ib.* 416; *Seabury* v. *Hungerford*, 2 *Hill* 80; *Ellis* v. *Brown*, 6 *Barb.* 282; *Story on Notes*, 3d ed., *chap. x, page* 595.

The whole case, in my judgment, turns upon the admis-

sibility of the parol evidence; admit that, and the liability of the defendant follows as a necessary consequence. It may be that in England such evidence would not be received, but even there the courts go quite as far in permitting the maker of a note, expressed to be for value received, to show no value received, or to show that it was a lent note. Be the rule there, however, as it may, I feel bound by the decisions of this court, and by what I consider the overwhelming weight of authority in other American courts, to say that such evidence is admissible.

The rule to show cause must be discharged.*

CITED *in Meyer* v. *Beardsley,* 1 *Vr.* 239; *Chaddock* v. *Vanness,* 6 *Vr.* 523.

---

* In Pennsylvania, it has been held that the endorsement of a note by one not a party to it, in the absence of evidence of any particular intention, authorizes the payee to write over his name any form of engagement he may see proper. *Becker* v. *Levy,* 2 *Am. Law Reg.* 444; *Kyner* v. *Shower,* 13 *Penn. St. Rep.* 444; *Campbell* v. *Knapp,* 15 *Penn. St. Rep.* 30; *Taylor* v. *McCune,* 11 *Penn. St. Rep.* 460.

But in *Moore* v. *Cross and McGervey,* the Supreme Court of New York, at a general term, held in the city of New York, March 24th, 1857, held that the payee of a promissory note payable to order cannot recover of an endorser, who has endorsed for the purpose of giving the maker a credit with such payee.

In *Ackerman* v. *Westervelt,* decided in this court at July Term, 1847, it was held that the payee of a promissory note, payable to M. A., or order, might recover against a third party whose name was endorsed upon the note, *as one of the makers of the note,* it being proved that the name was endorsed upon the note at the time of the loan of the money for which the note was given, as security for its re-payment, and that the money was loaned upon the faith of such security.

In *Jacques* v. *Knight,* in the Mercer Circuit, at December Term, 1848, it was held by Randolph, J., that a blank endorsement by the payee on a note not negotiable does not *per se* render the endorser liable upon failure of payment by the drawer. But parol evidence is admissible to prove that such endorsement was intended as a guaranty. Such guaranty, expressed in general terms, is personal between the parties to it, and a third person to whom the note has been transferred cannot recover upon such guaranty in his own name. 8 *Am. Law Journal* 344.